IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH C. RAUCH,

    Petitioner,

v.   No. 18-cv-0090 MV-SCY

STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Kenneth Rauch's amended 28 U.S.C. § 2254 habeas corpus petition (Doc. 4) ("Petition"). Petitioner challenges his state criminal convictions for, inter alia, first-degree murder. The Court previously directed Petitioner to show cause why his § 2254 Petition should not be dismissed as untimely. Having independently researched the state docket to confirm the time-bar, and because Petitioner cannot establish grounds for tolling, the Court must dismiss the Petition.

**I. Procedural Background**

The background facts are taken from the Petition (Doc. 4) and the state court docket in Petitioner's state court criminal docket, Case No. D-307-CR-2005-00653. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2010, a jury convicted Petitioner of first-degree murder, attempted murder, felon in possession of a firearm, false imprisonment, aggravated assault, and extortion. (Doc. 4 at 1). The

state court sentenced him to life imprisonment plus 23 years. *Id.* Judgment on the conviction was entered on December 29, 2010. *See* Judgment, Order, & Commitment in Case No. D-307-CR-2005-00653. Petitioner filed a capital appeal with the New Mexico Supreme Court ("NMSC"). (Doc. 4 at 2). By a mandate issued December 12, 2013, the NMSC affirmed his conviction and sentence. *See* Mandate/Affirmed in Case No. D-307-CR-2005-00653. Petitioner did not seek certiorari review with the United States Supreme Court ("USSC"). The conviction therefore became final on March 13, 2014, following expiration of the 90-day period for seeking federal certiorari review. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where defendant fails to seek certiorari review following a direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

The state docket reflects that there was no substantive case activity for over 15 months. *See* Docket Sheet in Case No. D-307-CR-2005-00653.[1] On June 23, 2015, Petitioner filed a state habeas petition. (Doc. 4 at 3). The state court denied the petition by an order entered October 1, 2015. *Id.* at 4. Petitioner timely filed a petition for writ of certiorari, but NMSC denied certiorari relief on February 24, 2017. *Id.*

Nearly a year later, on January 29, 2018, Petitioner filed the instant § 2254 proceeding. He originally filed a Motion to Toll the Clock, which indicated that he believed that the one-year limitation period expired on February 24, 2018. (Doc. 1). The Court directed Petitioner to refile his habeas claims on the proper form but allowed any amended petition to relate back to the original filing date (January 29, 2018). Petitioner timely complied, and the amended Petition raises claims

---

[1] The Court also searched Petitioner's name and birth date on the state court filing system, to ensure that he did not inadvertently file a tolling motion in another case.

for ineffective assistance of counsel at trial and on direct appeal.

By an Order to Show Cause entered March 5, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined that it was plainly time-barred. (Doc. 8); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order set forth the legal standard for statutory/equitable tolling and directed Petitioner to show cause why the case should not be dismissed. Petitioner filed his show-cause response on March 30, 2020 (Doc. 9), and the matter is ready for review.

**III. Discussion**

Section 2254 petitions must be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

The Court carefully reviewed the docket in Petitioner's criminal case and determined the criminal judgment became final on March 13, 2014, following expiration of the 90-day period for

seeking federal certiorari review. *See Rhine*, 182 F.3d at 1155. There was no case activity during the next year, and the limitations period expired on March 13, 2015. Any state post-conviction motions filed after that date had no impact on the expired limitations period. *See Gunderson v. Abbott,* 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after … end of the limitations period").

The Court explained the above principles, including the state court timeline, in its Order to Show Cause. (Doc. 8). In his response, Petitioner concedes that there was no state court tolling activity for over 15 months after the Judgment became final. (Doc. 9 at 4). However, he seeks equitable tolling because he is not a trained legal professional and erroneously believed the one-year period began running after he completed all state court proceedings. *Id.* Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

While this Court is sympathetic to Petitioner and his efforts, the Tenth Circuit is adamant that a misunderstanding of tolling principles cannot excuse an untimely habeas filing. *See Marsh*,

4

223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); *Clay v. Jones*, 491 F. App'x 935 (10th Cir. 2012) (Petitioner's failure to "understand … tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling."); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same). Petitioner is therefore not eligible for equitable tolling based on his *pro se* status or ignorance of the law.

Petitioner also asks the Court to overlook the time-bar based on the merits of his § 2254 claims. He alleges that he received ineffective assistance of counsel at trial and on appeal, and appellate counsel advised him not to file a federal certiorari petition. (Doc. 9 at 2-3). Unfortunately, federal courts cannot consider the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA)…. The first of these barriers is timeliness.").

Similarly, Petitioner is not entitled to equitable tolling based on counsel's advice regarding the post-appeal options. After the NMSC affirmed the conviction on direct appeal, appellate counsel advised Petitioner that he could: (1) file a writ of certiorari with the USSC; or (2) file a

5

state habeas petition. (Doc. 4 at 3). Appellate counsel advised there was a "very small" chance that the USSC would review Petitioner's case. *Id.* Petitioner pursued state habeas relief, but he now wishes that he had also sought certiorari review with the USSC. The Court is not persuaded that the above advice was defective, nor has Petitioner explained how it impacted the one-year period. Regardless of which avenue Petitioner pursued, he believed (incorrectly) that the one-year period did not start running until he exhausted all state post-conviction proceedings. And, to the extent that Petitioner alleges that appellate counsel should have provided more information about how to calculate the one-year period, equitable tolling is not available based on an "attorney's incorrect advice regarding when the limitations period began to run." *Reynolds v. Hines*, 55 F. App'x. 512, 513 (10th Cir. 2003). *See also Holland v. Florida*, 560 U.S. 631, 651-52 (2010) ("[A] garden variety claim of [attorney] neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."). Equitable tolling is therefore not available based on ineffective assistance by counsel.

For these reasons, the Court concludes that Petitioner's show-cause response (Doc. 9) does not establish grounds for tolling. The one-year limitation period expired on March 13, 2015, and the federal habeas proceeding filed on January 29, 2018 is time-barred. The Court must dismiss the Petition. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Kenneth Rauch's Amended 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 4) is **DISMISSED**; a certificate of appealability is denied; and a separate

judgment will be entered closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE